KENNARD, J,, Concurring.
is the fourth decision in as many years in which this court has addressed the question of what constitutes “actual injury” from professional malpractice for purposes of applying a statute of limitations. In the first two decisions, a majority of the court made a misguided attempt to formulate “bright line” rules to govern the actual injury determination. (International Engine Parts, Inc. v. Feddersen & Co. (1995) 9 Cal.4th 606 [38 Cal.Rptr.2d 150, 888 P.2d 1279] (Feddersen); ITT Small Business Finance Corp. v. Niles (1994) 9 Cal.4th 245 [36 Cal.Rptr.2d 552, 885 P.2d 965] (ITT).) In each, I disagreed with the majority and authored a separate opinion pointing out that the majority’s proposed “bright lines” were ultimately impractical and that the question of when a plaintiff has suffered actual injury is necessarily a question of fact to be decided on a case-by-case basis. (Feddersen, supra, at p. 623 (cone, and dis. opn. of Kennard, J.); ITT, supra, at p. 258 (dis. opn. of Kennard, J.).)
In the third decision, in which- I concurred, a majority of the court recognized that the actual injury determination is a question of fact and that “[t]he number of potential variables, which do not necessarily follow a set pattern, precludes defining the point of harm as a fixed point or event because reasonable application becomes too problematic.” (Adams v. Paul (1995) 11 Cal.4th 583, 588-589 [46 Cal.Rptr.2d 594, 904 P.2d 1205] (Adams), see also id. at p. 593 (cone. opn. of Kennard, J.).) The decision in the present case, in which I fully concur, not only reaffirms this principle, but also expressly overrules one of our earlier, erroneous decisions (ITT, supra, 9 Cal.4th 245), and it distinguishes the other erroneous decision (Feddersen, supra, 9 Cal.4th 606) as construing a statutory provision (Code Civ. Proc., § 339, subd. 1) that is not at issue here. (Maj. opn., ante, at p. 763.)
In this decision and in Adams, supra, 11 Cal.4th 583, the majority has made a welcome correction in the course of the law’s development. This correction should and, I expect, ultimately will be completed when this court overrules Feddersen, supra, 9 Cal.4th 606.